Prob 12A (10/16)
VAE (9/19)

**UNDER SEAL**

# UNITED STATES DISTRICT COURT
# for the
# EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Dwight Whorley      Docket No. 3:05CR00114-001

## Petition on Supervised Release

COMES NOW Vanessa Burney, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Dwight Whorley, who was placed on supervision by the Honorable Henry E. Hudson, Senior United States District Judge sitting in the Court at Richmond, Virginia, on the 10th day of March, 2006, who fixed the period of supervision at ten (10) years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachments

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**It is hereby ORDERED** that the petition, with its attachment and arrest warrant be sealed. **It is further ORDERED** the petition, its attachment and arrest warrant shall remain sealed until the warrant is executed, at which time the petition, its attachment and warrant, should be unsealed and made part of the public record.

**Bond Recommendation: Not Recommended**

### ORDER OF COURT

Considered and ordered this  21  day of July, 20 22  and ordered filed and made a part of the records in the above case.

_____/s/_____
Henry E. Hudson
Senior United States District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

_Vanessa Burney_ Digitally signed by Vanessa Burney
Date: 2022.07.20 12:25:33 -04'00'

Vanessa Burney
Senior U.S. Probation Officer

Place Richmond, Virginia

**TO CLERK'S OFFICE**

Petition on Supervised Release
Page 2
RE: Whorley, Dwight

OFFENSE: Transportation of Obscene Matters (Counts 1-20), in violation of 18 U.S.C. §1462, Class D Felony; Receipt of Obscene Visual Representations of the Sexual Abuse of Children (Counts 21-40), in violation of 18 U.S.C. §1466A(a)(1), Class B Felony; Receipt of Child Pornography(Counts 42-55), in violation of 18 U.S.C. §§ 2252(a)(2) and 2, Class B Felony; and Transportation of Obscene Matters(Counts 56-75), in violation of 18 U.S.C. § 1462, Class D Felony.

SENTENCE: Whorley was sentenced to a term of 240 months in the custody of the Bureau of Prisons, which such term consisting of 60 months on Counts 1-20 and 56-75 and 240 months on Counts 21-40 and 42-55 with all terms to be served concurrently. Whorley's term of custody was to be followed by a ten year term of supervised release which consists of three (3) years as to Count 1-20 and 56-75, five (5) years as to Counts 21-40, and ten (10) years as to Counts 42-55, all to run concurrently. A special assessment fee of $100.00 was also ordered on each count, totaling $7,400.00.

SPECIAL CONDITIONS:

1. The defendant shall provide the probation officer with access to requested financial information.
2. The mandatory drug testing provision of 18 U.S.C. §3563(a)(5) are waived upon the Court's finding that the offense of conviction is not drug related, there is no current or past history of substance abuse, and there is a low risk of future substance abuse by the defendant. This does not preclude the probation officer from administering drug tests as deemed appropriate.
3. The defendant shall participate in a mental health program, to include sex offender treatment and a psychosexual evaluation. The costs of these programs are to be paid by the defendant, as directed by the probation officer. The defendant shall also waive all rights of confidentiality regarding this treatment in order to allow for the release of information to the U.S. Probation Office and authorize communication between the probation officer and the treatment provider.
4. The defendant shall register with the state sex offender registration agency in any state where he resides, is employed, vacationing, or a student, and as otherwise directed by the probation officer.
5. The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet services providers, bulletin board systems, or any other public or private computer network.
6. The defendant shall not have any access to or possess any pornographic material, pictures displaying nudity, or magazines using juvenile models or pictures of juveniles under the age of 18 years.
7. The defendant shall not accept any paid or volunteer positions involving children.
8. The defendant shall not be in the presence of children under the age of 18 without another responsible adult being in the same room or area.
9. The defendant shall pay any balanced owed on the Special Assessment imposed by the Court. Payment shall be made in installments of not less than $100.00 per month, to begin 60 days after the start of supervision until paid in full.
10. The defendant shall submit to polygraph testing as directed by the United States Probation Officer as a part of the defendant's sex offender therapeutic program. The costs of testing are to be paid by the United States Probation Office.
11. The defendant shall not possess or use a computer, or other internet capable device to access or stream any online internet services at any location, including employment, without the prior approval of the probation officer.
12. Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search

of his person, property, house, residence, vehicle, papers, computer, or other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the Court or with a warrant.

ADJUSTMENT TO SUPERVISION: Whorley's term of supervised release commenced on May 28, 2022. Prior to his release from Ft. Worth Federal Medical Center, Whorley failed to submit a supervised release plan for approval by probation, opting to release to the community homeless. This Officer made efforts to secure housing through the use of community resources in preparation for Whorley's release; however, these attempts were fruitless. Whorley's release plan of homeless posed a risk to the community due to the following:

- His lack of familial ties
- His requirement to register as a sex offender
- His depletion of all funds accrued while in the Bureau of Prisons
- Having a prior unsuccessful term of supervision to include, criminal activity while on supervision
- His lack of sex offender treatment prior to his release

U.S. Probation secured a hotel room for Whorley for 28 days to allow him time to stabilize himself in the community and to manage the risk posed by him releasing homeless on a holiday weekend. Whorley's adjustment to supervision has been unsatisfactory.

Whorley was instructed to contact this Officer immediately upon his release to ensure that he was able to check into the hotel without incident and Whorley failed to do so. Whorley reported to the probation office on May 31, 2022 and the conditions of supervision were reviewed with him and signed. Whorley maintained that he would reside in a hotel after he secured his social security benefits and would not engage in any other discussion relative to housing that did not involve residing in a hotel. Due to Whorley's assessment as being at high risk for reoffending, Whorley was referred to The Center for Clinical and Forensic Services for intensive individual sex offender treatment. This intensive therapy required Whorley to attend two individual treatment sessions weekly.

This Officer made continued efforts to secure long term housing for Whorley upon his release to include completing applications for federal benefits and case management services. Whorley failed to take any action to address his homelessness, further reporting that he spends his day watching television.

On June 23, 2022, Whorley reported to the probation office and picked up his social security check that was received by Probation. Whorley was instructed to complete an intake with a local nonprofit to secure housing and Whorley did not report as instructed. In the case that Whorley failed to follow this instruction, this Officer scheduled the same intake with Whorley and the nonprofit to be conducted over the phone upon reporting to his sex offender treatment appointment later that day. Whorley failed to report as scheduled. Whorley reported that he spent the day attempting to cash his check; however, he did not have proper identification to cash his check or obtain a state issued ID card. Due to his failure to follow instructions, Whorley missed an opportunity for housing and was displaced from the hotel secured by Probation. An extension was not granted by the hotel due to Whorley's failure to up keep his hygiene.

Whorley assumed residency in the parking lot of the hotel secured by Probation until June 27, 2022. Additional hotels were researched in the area where Whorley had initially assumed residency; however, the hotels would not extend residency to Whorley. Whorley was hospitalized on June 28, 2022 as a social admission at Retreat Hospital at the request of Probation due to the extreme heat and the continued efforts being sought to obtain housing for Whorley.

On June 30, 2022, Whorley was released from Retreat Hospital to a hotel. Probation sponsored a 15 day stay at a local hotel which would allow Whorley additional time to secure housing and proper identification. Whorley failed to update his sex offender registration as required by law and was issued a warning by his assigned State Trooper relative to his expected compliance with the Registry.

On July 5, 2022, this Officer attempted to contact Whorley at the hotel and was informed that Whorley was likely sleeping due to staying awake all night on the computer. It was reported that Whorley would use the computers in the business center from approximately 10:00pm to 5:00am, leaving the computer only to go to bed. It was further reported that Whorley would not allow staff into his room to clean or change linen because of his sleep schedule.

In the evening hours of July 5, 2022, at approximately 9:45 pm, this Officer made an attempt to visit Whorley at his hotel. At the time of arrival, Whorley was going down the hall in the direction of his room. Upon interviewing staff, this Officer was informed that Whorley was asked to go to his room due to guests' complaints. Guests were reportedly complaining about his hygiene and the content he viewed on the computer. This Officer attempted to access the computer to review his browser history; however, the browsing session was private and unable to be reviewed. The hotel staff provided this Officer with video of Whorley on the computer, minutes prior to this Officer's arrival. In the video, Whorley was in the business center of the hotel, on YouTube with a notepad. Whorley was viewing videos of prepubescent girls solely wearing underwear. The video appeared to reflect the children having medical exams and a male was seen rubbing the children with his hands in the breast area, with a stethoscope, and holding a child's legs up on a medical bed. Whorley was observed holding his glasses and appeared to be taking notes on his notepad.

This Officer was informed that Whorley had watched videos with children in varying stages of being unrobed since his check in date of June 30, 2022. It was reported that Whorley watched no other content other than children. Based on this observation, hotel staff conducted a Google Search and noted that Whorley was a convicted sex offender. The manager of the hotel was alerted to his behavior which was to result in an eviction; however, this Officer requested his continued residency at the hotel. This Officer further requested that the staff not allow Whorley to access the computer.

This Officer spoke to Whorley about his conduct and he refused to provide a reason for viewing the content. Whorley acknowledged that he viewed videos with partially nude children and further reported that he was online looking for a friend. Whorley admitted to accessing the internet every night since checking into the hotel on June 30, 2022. Whorley's hotel stay was set to expire on July 15, 2022 and Probation extended his stay an additional five (5) days, anticipating his receipt of his state issued ID and/or the direct deposit of his social security payment.

As of July 15, 2022, Whorley was unsuccessfully discharged from treatment due to attendance and lack of participation. Whorley failed to report for scheduled treatment sessions or contact his therapist to schedule an

appointment after missing scheduled sessions. Whorley's predischarge assessment noted that he was a high-risk offender with low amenability for treatment as Whorley did not commit to refraining from the behaviors that resulted in previous unsuccessful terms of supervision.

On July 19, 2022, this Officer attempted to make contact with Whorley at the hotel room secured by Probation and was informed that Whorley checked out of the hotel on July 16, 2022. This Officer was informed that Whorley arrived at the hotel in a van from another local hotel and retrieved his personal belongings. This Officer contacted the hotel listed on the van upon his checkout on July 16, 2022 and confirmed that Whorley assumed residency at the hotel at some point in the last week. Whorley failed to seek prior approval before relocating and failed to contact Probation to update his address. Whorley's current whereabouts cannot be confirmed other than the hotel that he last checked into after leaving the hotel secured by Probation. The hotel would not confirm his room number over the phone; however, staff confirmed that he is a resident.

VIOLATIONS: The following violations are submitted for the Court's consideration.

**SPECIAL CONDITION:** **FAILURE TO SATISFACTORILY PARTICIPATE IN A SEX OFFENDER TREATMENT PROGRAM.**

Whorley failed to satisfactorily participate in the Center of Clinical and Forensic Services sex offender treatment program by not attending treatment on May 31, 2022, June 23, 2022, and July 12, 2022. Whorley was discharged from treatment unsuccessfully for failing to attend treatment, failing to contact the therapist and failure to discuss relevant treatment issues.

**SPECIAL CONDITION:** **USE OF COMPUTER OR INTERNET CAPABLE DEVICE WITHOUT PRIOR APPROVAL OF PROBATION.**

Whorley used a computer to access the internet without prior approval of the probation officer from June 30, 2022 to July 5, 2022.

**SPECIAL CONDITION:** **ACCESS OR POSSESS MATERIALS DISPLAYING NUDITY OF MODELS UNDER THE AGE OF 18 YEARS**

Whorley accessed the internet without prior approval of probation to view videos depicting persons partially nude, under the age of 18, solely wearing underwear, being touched by an adult male.

**CONDITION 6:** **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF CHANGE IN RESIDENCE.**

Whorley failed to notify the Probation Officer within 72 hours of his change in residence. Whorley changed his residence on July 16, 2022 and did not notify the Probation Officer.

VB