# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:05-cr-114-HEH |
| | ) | |
| DWIGHT WHORLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER
### (Granting Motion for Compassionate Release)

THIS MATTER is before the Court on Defendant Dwight Whorley's ("Defendant") Unopposed Motion for Compassionate Release (the "Motion") filed on October 16, 2022. (ECF No. 134.) Defendant is currently in Memorial Regional Medical Center (Bon Secours) in Mechanicsville. He was waiting to receive the Bureau of Prison's ("BOP") designation to a Federal Medical Center, however, on October 11, 2022, the U.S. Marshals informed Defendant's counsel that Defendant has an aggressive form of stage four bone cancer and is not expected to live much longer.[1] (Mot. at 1–2.) As a result of this diagnosis, the BOP has removed its designation awaiting further developments, and Defendant has filed this Motion for Compassionate Release to reduce his sentence to allow him to transition to hospice care. (Mot. at 8.) The Government does not oppose Defendant's Motion. The Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the Court, and

---

[1] Defendant's formal life expectancy by virtue of his diagnosis is a maximum of 6 months, however, in light of his other medical conditions including Palliative Performance Scale and sepsis, he is estimated to survive between 5 and 36 days. (*Id.*)

oral argument would not aid in the decisional process. *See* E.D. Va. Local Crim. R. 47(J). For the reasons that follow, the Court will grant Defendant's Motion.

## BACKGROUND

On December 1, 2005, a jury found Defendant guilty as charged in counts 1-40 and 42-75, dealing with conduct related to the consumption of child pornography. (Jury Verdict, ECF No. 63.) Defendant completed his term of imprisonment and began a term of supervised release. At a violation hearing held on September 20, 2022, Defendant admitted to violating various conditions of his supervised release, including changing his address without reporting it to his Probation Officer, and viewing inappropriate materials on a computer. (ECF No. 133.) The Court sentenced Defendant to 16 months of imprisonment with no supervised release to follow. (*Id.*) At the time of the violation hearing, the Court was made aware of—and could visibly observe—Defendant's poor physical health. During the hearing, Defendant was wheelchair-bound, unable to move, and frail. Defendant returned to Pamunkey Regional Jail pending a designation to a Federal Medical Center.

In the instant Motion, Defendant, through his counsel, informs the Court that he has since been diagnosed with an aggressive form of stage four cancer (myelodysplastic syndrome) and is expected not to live more than some days or months. (Mot. at 1–2.) Counsel for Defendant and the Government have corresponded with various medical providers who have indicated that Defendant "has an appropriate hospice diagnosis." (*Id.* at 2.) Medical providers have informed counsel that they could determine a formal prognosis after any aggressive treatment of Defendant's cancer has ended, and that

2

Defendant could be transitioned to Bon Secours' community hospice house regardless as to how long he survives. (*Id.*) Defendant's physical state is extremely poor. Defense counsel recently visited Defendant and explained that Defendant's condition has dramatically worsened since the violation hearing. (*Id.*) Now, Defendant is unable to move out of bed on his own and has lost over twenty pounds in a matter of weeks. (*Id.*)

The U.S. Marshals have informed defense counsel that if Defendant is admitted to hospice, BOP could designate that facility as his place of service. (*Id.* at 3). Defendant's Probation Officer has informed Defendant's counsel that Defendant is currently enrolled in Medicaid. (*Id.*) The Government does not object to Defendant's Motion to transition to a hospice care facility.

## DISCUSSION

"'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations omitted) (quoting 18 U.S.C. § 3582(b)). This Court has no inherent authority to modify a defendant's term of imprisonment once it has become final; rather, Congress must grant this Court the power to do so. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). Accordingly, this Court "'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons [("BOP")] moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *Id.* (quoting § 3582(c)).

As amended by the First Step Act, § 3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence on grounds of compassionate release under two circumstances. Such a request must come before the court either: (1) on the Director of the BOP's motion, or (2) on the defendant's motion, if "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

A defendant may file a compassionate release motion with the district court 30 days after filing a request with the BOP, and "before the BOP even has considered whether he qualifies for relief under the catch-all provision" found in the Sentencing Commission's Application Note 1(D). *United States v. McCoy*, 981 F.3d 271, 276–77, 283 (4th Cir. 2020). The catch-all provision allows "the BOP and only the BOP to identify 'other reasons'" that warrant a sentence reduction. *Id.* at 280. "If the BOP nevertheless retains its determinative role under Application Note 1(D), then such defendants would be required either to forgo the 30-day lapse provision and wait for a BOP determination, or to forgo reliance on the catch-all provision in exchange for a timely decision by the district court." *Id.* at 283.

In this case, the BOP has not made a motion on Defendant's behalf. Instead, Defendant filed the Motion himself, through counsel. (Mot. at 1.) Defendant has not previously submitted a request for compassionate release to the Warden of his correctional facility because he is in a unique situation where he has been sentenced but not yet designated or committed to a particular BOP facility. (*Id.*) He has no "warden"

to whom to seek compassionate release. This is such a narrow window, that there are no procedures for inmates who have been sentenced but not yet designated. Various courts within the United States Court of Appeals for the Fourth Circuit have held that where there is no BOP Warden to whom a defendant can direct a compassionate release request, the exhaustion requirement may be waived. *See Albury v. United States*, 496 F. Supp. 3d 974, 979 (E.D. Va. 2020) (holding that the exhaustion requirement is waived because "there is no BOP Warden to whom he can direct a compassionate release request"); *see also United States v. Norris*, 458 F. Supp. 3d 383, 386 (E.D.N.C. 2020) (same). Moreover, the Government has not invoked the statute's exhaustion requirement, as it does not oppose Defendant's Motion. The Fourth Circuit has held that § 3582(c)(1)(A)'s exhaustion requirement "is a non-jurisdictional claim-processing rule, and that the requirement is waived if the Government does not invoke it." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Because (1) there is no BOP Warden to whom Defendant can direct a compassionate relief request; (2) the exhaustion requirement is non-jurisdictional; and (3) the Government did not invoke the exhaustion requirement, the Court finds that Defendant has exhausted his administrative remedies.

Where a defendant satisfies one of the preconditions enumerated by the statute, § 3582(c)(1)(A)(i) permits a court to modify a defendant's sentence when "extraordinary and compelling reasons warrant such a reduction." In so doing, a court must consider the factors set forth in 18 U.S.C. § 3553(a), including the need to promote respect for the law, deter criminal conduct, and protect the public. § 3582(c)(1)(A); *United States v. Kibble*, 992 F.3d 326, 330–31 (4th Cir. 2021).

In this case, Defendant is 69 years old and has various serious medical conditions, including an aggressive form of stage four bone cancer and sepsis. (Mot. at 1–2.) He is bedridden, lost over twenty pounds in the last several weeks, is unable to care for himself, and is estimated to survive for only the next 5 to 36 days, with a maximum estimate of 6 months. (*Id.* at 2.) The Court finds that Defendant's current circumstances rise to the level of an extraordinary and compelling reason to modify Defendant's sentence.

Defendant's early release also satisfies the relevant 18 U.S.C. § 3553(a) factors. First, Defendant has served nearly 3 months of his 16-month sentence. While this proportion of time-served appears short respective to the overall sentence imposed, the fact that Defendant is only expected to live for a maximum of 6 months means that he has served nearly a third of his remaining life, from the time of arrest, in prison. The lengthy time spent in prison, relative to Defendant's short life-expectancy, coincides with the need to promote respect for the law. Second, Defendant's transition into hospice care does not violate the principles behind the factors of protection of the public and deterrence of criminal conduct. Defendant is completely bedridden and literally unable to physically move enough to endanger the public. He has "extensive wounds that will likely increase and never heal" (Mot. at 6) and no history of engaging in violent crimes.

Third, granting Defendant's Motion would not introduce unwarranted disparities. Debilitating and fatal illnesses have been recognized as grounds for compassionate release in analogous cases. *See e.g.*, *United States v. Hicks*, No. 2:05-cr-00040, 2022 WL 138690, at *3 (S.D.W.Va. Jan. 14, 2022) (granting compassionate release where Defendant had various serious illnesses and "would certainly die in prison if his sentence

is not reduced."); *see also United States v. Bardell*, No. 6:11-cr-401-RBD-DAB, 2022 WL 4944552, at *4–*5 (M.D. Fla. Oct. 4, 2022) (granting compassionate release for a child pornography defendant who had a progressive form of terminal cancer and had been sentenced to 121 months). Lastly, Defendant's medical conditions are dire and his need for assistance with his medical treatment is apparent. (Mot. at 7.) Defendant's options for treatment and placement are limited, and physicians have specifically recommended hospice and comfort-level care for him. (*Id.*) Overall, the § 3553(a) statutory sentence factors support Defendant's request for early release.

Ultimately, this Court maintains discretion under § 3582(c)(1)(A) to release Defendant. *See Kibble*, 996 F.3d at 332. Therefore, having reviewed the record before the Court, Defendant's personal characteristics, criminal and medical history, and the § 3553(a) factors, this Court finds sufficient justification for Defendant's early release.

Accordingly, Defendant's Motion for Compassionate Release (ECF No. 134) is GRANTED. The Court hereby ORDERS that Defendant's sentence is reduced to TIME-SERVED, effective the date of this Order. The Clerk is DIRECTED to send a copy of this Memorandum Order to all counsel of record and the U.S. Marshals Service.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Oct. 18, 2022
Richmond, Virginia